## WILLIAM WOOD *v.* JOHN PEARCE.

### (No. 7,771.)

1. An individual who becomes a stockholder in an incorporated company, undertakes to pay to the common fund the entire sum for each share he subscribes, as fixed by the act of incorporation, or the by-laws of the company.

2. The stockholders have a right to demand from each other that all shall bear the common burden, in proportion to the amount they have invested.

3. The creditors of the company, and all who may be interested in its safety or solvency, may ask that the fund upon which they rely shall really exist, not on paper, but in money, and be held sacred to discharge corporate liabilities; hence, if a stockholder has not fully paid the amount stipulated for the shares he has subscribed, the sum yet due may be reached by a creditor of the corporation, should it become necessary to charge it.

4. To such a demand, it is no answer by the debtor that the interest upon installments already paid should be allowed to extinguish the principal sum yet due.

GENERAL TERM.—Proceeding in error to reverse a judgment of the special term, rendered against William Wood.

Pearce brought his action at special term, to recover the balance due by Wood on a promissory note, made by him to the treasurer of the Dayton & Cincinnati Railroad Company, or order, for $800, dated June 1, 1855, and payable in two years. After it became due, $400 were paid to the company, and indorsed on the note. Subsequently the note was transferred by the payee to a creditor of the company, by whom it was assigned to the plaintiff, who also received, after the transfer, from the debtor, the additional sum of $100. To prevent a recovery for the balance due, Wood proved that he had subscribed $5,000 to the capital stock of the company, upon which he had paid $3,900, commencing on the 1st of March, 1853; that the note sued on was given for an installment due, and required to be paid on the stock subscribed. It was further in evidence that the directors of the railroad company on the 15th of April, 1852, passed a resolution, at a meeting of the board, "allowing interest at the rate of eight per cent. to all subscribers in money upon payments made, from the date of such payments till the time when the first dividend should be declared."

It was claimed, under this resolution, the debtor was entitled to a credit upon his note, for the interest due upon all the payments made upon the stock before the suit was brought, which, if allowed, would have canceled the balance remaining unpaid upon the note.

William Wood *v.* John Pearce.

The judge, at special term, did not sustain the defense, and gave judgment for the amount due.

*Tilden, Rairden & Curwen,* for plaintiff in error.

*Bates & Scarborough,* for defendant in error.

STORER, J., delivered the opinion of the court.

We need not, in the view we take of the case, now decide whether the claim of the debtor was such as he could recoup a set-off against the holder of the note. It does not affect the consideration; it is not a part of the contract by any of its terms; it does not grow out of nor is it immediately connected with the contract itself and would not, therefore, seem to be within any of the clauses of the code of practice, permitting the causes of action to be reduced or compensated.

But we think on no legal or moral principle, should the claim set up by the debtor have been allowed. The object of the resolution allowing interest, very clearly was to stimulate the subscribers to the stock of the company to pay in cash, and pay punctually the installments as they were required. When the stock subscribed should have been fully paid, the accruing interest might be added to the original price of the shares, thereby increasing their number as an equivalent for the interest due. This is the only rational construction we can give to the resolution, and we doubt very much, if any other was intended, whether it would bind the company. The stockholder would not, on any just principle, be permitted to recover of the company, from year to year, until a dividend should be declared, interest upon his capital, and thus indirectly compel the payment of what would be tantamount to a dividend, when the company, as in the present case, was unable to pay it, the road unfinished, and without the smallest revenue accruing from any portion of it. Any other view of the case would exhibit the anom-

aly that interest, instead of increasing the principal agreed to be paid, would be substituted for and represent a part of the principal, thus releasing the debtor from the performance of his contract, and securing to him, for an amount much less than that agreed to be paid for the stock, at the time of subscription, his full number of shares. This can not be permitted.

When an individual becomes a stockholder in an incorporated company, he undertakes to pay to the common fund the entire sum for each share he subscribes, as fixed by the act of incorporation or the by-laws of the body who represent it. This the directors may and should require to be done.

The stockholders have the right to demand from each other, that all shall bear the common burden, in proportion to the amount they have invested. The creditors of the company, and all who may be interested in its safety or solvency, may well ask that the fund upon which they rely shall really exist, not on paper, but in money, and be held sacred to discharge corporate liabilities.

Hence it is very clear that if a stockholder has not fully paid the amount stipulated for the shares he has subscribed, the sum yet due may be reached by a creditor of the corporation, should it become necessary to charge it; and it would be no answer to such a demand by the debtor, that the interest upon installments already paid, should be allowed to extinguish the principal sum still due.

In the case before us, a creditor of the company, by the transfer of the note in question received a virtual assignment of so much of the debtor's subscription as was then due and unpaid, which we are satisfied can only be discharged by an actual payment of the balance due.

Judgment affirmed.